**DIV Q**

IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.

MICHAEL & APRIL COFFMAN,

    Plaintiffs,

16- 2009-CC- 0 0 9 5 0 3          -XXXX-MA

v.

ZAKHEIM & ASSOCIATES, P A ,

    Defendant.

_____/

## COMPLAINT

NOW COME the Plaintiffs, MICHAEL & APRIL COFFMAN, by and through their
attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, ZAKHEIM &
ASSOCIATES, P A, and alleging as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt
Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq and the Florida
Consumer Collection Practices Act, Fla. Stat. §559 72 (hereafter the "FCCPA")

### PARTIES

2    Plaintiffs, MICHAEL & APRIL COFFMAN ("Plaintiff"), are "consumers" as
defined by the FDCPA and FCCPA, who were at all relevant times residing in Duval County,
State of Florida.

3    At all relevant times herein, Defendant, ZAKHEIM & ASSOCIATES, P.A.
("Defendant") or ("Z&A") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6)

in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiffs.

4.     Defendant is a corporation that is authorized to do business in Duval County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. Z&A

5.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

6      Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiffs.

7.     Defendant regularly collects debts from consumers such as the Plaintiffs.

8.     Over the past year, Defendant's employees and agents have engaged in a pattern of harassment by way of repeated phone calls to Plaintiffs in at attempt to collect the aforementioned alleged debt

9.     On at least one occasion in the past year, Defendant's employees and agents misrepresented to Plaintiff, April Coffman, that Michael Coffman has instructed them to call April at work in regard to the debt.

10.    Defendant continued to call Plaintiff, April Coffman, at her place of employment, after having been repeatedly informed that such calls were inconvenient and not permitted.

11.    Defendant falsely stated or implied that a communication was from an attorney but sending Plaintiffs a letter on attorney letterhead.

12.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

a.     Causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs in violation of 15 U.S.C. §1692d(5);

b     Communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs, including repeatedly calling April at her place of employment after having been notified that said calls were inconvenient and not permitted in violation of 15 U.S.C. §1692c(a)(1) and (3);

c     Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, including misrepresenting that Michael had given them April's work number to call in regard to the debt in violation of 15 U.S.C. §1692e(10);

d     Falsely implying that a communication was from an attorney by sending a letter to Plaintiffs on the attorneys letterhead in violation of 15 U.S.C. §1692e(3); and

e.     Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act

13.     As a result of Defendant's violations as aforesaid, Plaintiffs suffered a substantial disruption in their daily routine thus warranting an award of emotional and/or mental anguish damages

14.     Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiffs' right to privacy, causing additional injury to Plaintiffs' feelings, mental anguish and distress

15.     As a result of the above violations of the FDCPA and invasion of privacy, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiffs, MICHAEL & APRIL COFFMAN, by and through their attorneys, respectfully pray for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Emotional and/or mental anguish damages;

c.      Statutory damages of $1,000 00;

d.      Plaintiffs' attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST Z&A

16.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

17.     Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559 72 in one or more of the following ways:

a.      Willfully communicating with the debtors or any member of their family with such frequency as could reasonably be expected to harass them, or willfully engaged in other conduct which could reasonably be expected to abuse or harass the debtors or any member of their family in violation of Fla Stat §559 72(7);

b.    Used a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by an attorney at law, when it is not in violation of Fla. Stat. §559.72(10); and

c.    Communicates with a debtor under the guise of an attorney by using the stationery of an attorney in violation of Fla. Stat §559.72(11); and

d.    Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

18.    As a result of the above statutory violations and invasion of privacy, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees

WHEREFORE, Plaintiffs, MICHAEL & APRIL COFFMAN, by and through their attorneys, respectfully pray for judgment as follows:

a.    All actual compensatory damages suffered;

b    Emotional and/or mental anguish damages;

c.    Punitive damages:

d.    Statutory damages of $1,000.00;

e    Plaintiffs' attorneys' fees and costs;

f    Any other relief deemed appropriate by this Honorable Court.

### COUNT III
### COMMON LAW INVASION OF PRIVACY BY INTRUSION

19.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

20.    Defendant's aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiffs' private places and into private matters of Plaintiffs' life, conducted in a manner highly offensive to a reasonable person    Plaintiffs had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiffs, MICHAEL & APRIL COFFMAN, by and through their attorneys, respectfully pray for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Emotional and/or mental anguish damages;

c.    Plaintiffs' attorneys' fees and costs; and

d.    Any other relief deemed appropriate by this Honorable Court.

### ***PLAINTIFFS REQUEST A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Road, Ste  656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By:_____
Alex D. Weisberg, Esq.
FBN: 056655